ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JESÚS ANGLERÓ FIGUEROA H/N/C ASERRADERO BUENA FIBRA<br><br>Recurrido<br><br>v.<br><br>MARISELA RIVERA H/N/C ASOCIACIÓN DE RESIDENTES VILLAS DE SAN FRANCISCO INC.<br><br>Peticionaria | TA2025CE00810 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.: SJ2025CV06374<br><br>Sobre: Cobro de Dinero – Regla 60 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Juez Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece Marisela Rivera ("señora Rivera" o "Peticionaria") mediante *Certiorari* y nos solicita que revisemos una *Resolución y Orden* dictada el 14 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Municipal de San Juan ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de desestimación instada por la señora Rivera, tras determinar que no existía una reclamación en su contra. Además, concluyó que la parte demandada, Asociación de Residentes de Villas de San Francisco, Inc. ("Asociación de Residentes"), fue debidamente notificada a través de la señora Rivera.

Por los fundamentos que proceden, se expide el recurso de *certiorari* y se *confirma* la determinación recurrida.

**I.**

El 14 de julio de 2025, Jesús Angleró Figueroa, haciendo negocios como Aserradero Buena Fibra ("señor Angleró" o "Recurrido", radicó una *Demanda* al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V., R. 60. Atinente a la controversia ante nos, en el epígrafe señaló a la demandada como "Marisela Rivera h/n/c Asociación de Residentes Villas de San Francisco, Inc.". Sin

embargo, en las alegaciones identificó a la parte demandada como la Asociación de Residentes, representada por la señora Rivera. Sostuvo que, a solicitud de la señora Rivera h/n/c la Asociación de Residentes, los días 29 y 30 de mayo de 2025, efectuó unas labores para el mantenimiento de las áreas verdes, cuyo valor ascendía a $780.00. Alegó que, al momento, la Asociación de Residentes no había remitido el pago de los trabajos. Por tanto, solicitó el pago de lo adeudado, más una cantidad adicional por concepto de costas, gastos y honorarios de abogado.

Ese mismo día, la Secretaría del TPI expidió la *Notificación y Citación sobre Cobro de Dinero* a favor de "Marisela Rivera h/n/c Asociación de Residentes Villas de San Francisco Inc.". posteriormente, el 20 de agosto de 2025, la señora Rivera presentó su *Contestación a Demanda*. En lo aquí pertinente, estableció que la Asociación de Residentes es una corporación registrada. A su vez, adujo que la Asociación de Residentes no era parte demandada, ya que solo se demandó a la señora Rivera, en su carácter personal. Además, presentó copia de un cheque expedido, por la Asociación de Residentes y firmado por su presidenta, la señora Rivera, el 31 de julio de 2025, a favor del señor Angleró, por la cantidad de $600.00, correspondiente al pago de parte de la deuda reclamada.

En igual fecha, la señora Rivera instó una *Moción Solicitando Desestimación al amparo de la Regla 10.3 de Procedimiento Civil*. Señaló que la parte demandada es "Marisela Rivera h/n/c Asociación de Residentes de Villas de San Francisco, Inc.". No obstante, arguyó que de las alegaciones no se desprende una reclamación contra la señora Rivera, en su carácter personal, sino contra la Asociación de Residentes, quien ostenta personalidad jurídica propia. Así las cosas, razonó que, en virtud de la Regla 10.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.3, procede la desestimación de la causa de acción en su contra.

El 25 de agosto de 2025, el recurrido notificó su *Moción en Cumplimiento de Orden y en Oposición a Moción de Desestimación*. Expuso que, a pesar de que en el epígrafe de la demanda se indicó que la parte demandada es la señora

Rivera, h/n/c como la Asociación de Residentes, en las alegaciones se estableció que quien les adeuda dinero es la Asociación de Residentes, no la señora Rivera. Manifestó que la señora Rivera fue incluida en el epígrafe, ya que figura como presidenta de la Asociación. A su vez, indicó que el Acuse de Recibo, mediante el cual la parte demandada recibió la Notificación de Citación fue dirigido a la Asociación de Residentes.

En respuesta, el 12 de septiembre de 2025, la peticionaria radicó una *Réplica a "Moción en cumplimiento de Orden y en Oposición a Moción de Desestimación"*. Sostuvo que la parte recurrida admitió que no existe una reclamación contra la señora Rivera y, por tanto, la demanda en su contra debía ser desestimada.

Aquilatados los argumentos de las partes, el TPI denegó la solicitud de desestimación peticionada por la señora Rivera "porque no existe una reclamación en su contra"[1], mediante una *Resolución y Orden* dictada el 14 de octubre de 2025. De manera particular, dispuso lo siguiente:

> Aunque la parte demandante puso en el epígrafe a la Sra. Rivera h/n/c Asociación de Residentes de Villas de San Francisco, Inc., en la demanda identifica a la parte demandada como Asociación de Residentes de Villas de San Francisco, Inc., y menciona a la Sra. Rivera como representante de la entidad jurídica, por lo que la demanda no va dirigida contra la señora Rivera en su carácter personal sino contra la Asociación. Sin embargo, no hay dudas que el epígrafe de la demanda se presta para confusión ya que la frase haciendo negocio como se utiliza en un contexto completamente distinto.[2]

Siendo así, le ordenó a la parte recurrida que enmendara el epígrafe de la demanda. A su vez, concluyó que la Asociación de Residentes fue debidamente notificada. Como corolario, le concedió cinco (5) días al representante legal de la señora Rivera para informar si estaría asumiendo la representación de la Asociación de Residentes.

Inconforme, el 29 de octubre de 2025, la señora Rivera radicó una *Moción Solicitando Reconsideración a la Resolución y Orden dictada y notificada el 14 de octubre de 2025*, mediante la cual reiteró los argumentos esbozados en su

---

[1] *Véase*, Apéndice del recurso, Entrada Núm. 16, pág. 2.
[2] *Íd.*

solicitud de desestimación. En oposición, el 30 de octubre de 2025, el señor Angleró notificó una *Moción en Cumplimiento de Orden*. Respecto a la notificación de la Asociación de Residentes, alegó que fue notificada mediante la señora Rivera, de conformidad con la Regla 60 de Procedimiento Civil, *supra*.

El 4 de noviembre de 2025, el TPI dictaminó una *Resolución Interlocutoria*, en virtud de la cual denegó la solicitud de reconsideración instada por la peticionaria. Insatisfecha aún, el 24 de noviembre de 2025, la señora Rivera acudió ante esta Curia mediante *Certiorari* y le imputó al foro de instancia la comisión de los siguientes errores:

> **Erró el TPI al no desestimar la demanda y determinar que no procede la desestimación porque no existe una reclamación contra la Sra. Marisela Rivera.**

> **Erró el TPI, al determinar que lo que procede es una sustitución de nombre, cuando son personas jurídicas distintas.**

> **Erró el TPI al no imponer honorarios de abogado a favor de la Sra. Marisela Rivera, cuando de forma temeraria y sin causa legal alguna se le obligó a realizar gastos de abogados y de costas.**

> **Erró el TPI, al determinar que no es necesario emplazar a la entidad jurídica de la que se alega pertenece la deuda, la Asociación de Residentes de Villas San Francisco, porque alegadamente el emplazamiento dirigido a la Sra. Marisela Rivera a donde llegó es a la dirección de dicha entidad jurídica.**

> **Erró el TPI, al determinar que el Demandante, Jesús Angleró Figueroa h/n/c Aserradero Buena Fibra tiene personalidad jurídica para demandar.**

En igual fecha, la peticionaria radicó una *Urgente Moción en Auxilio de Jurisdicción*. Como corolario, el 25 de noviembre de 2025, este Tribunal emitió una *Resolución* mediante la cual paralizamos los procedimientos ante el foro de instancia. A su vez, le concedimos a la parte recurrida un término de diez (10) días para presentar su oposición al recurso. Transcurrido el término otorgado, sin la comparecencia de la parte recurrida, damos por perfeccionado el recurso y procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del

Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 60 de Procedimiento Civil, *supra,* regula el procedimiento sumario de la acción de cobro de dinero para cantidades que no excedan los quince mil dólares ($15,000.00), excluyendo intereses. Su propósito es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así

lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR 88, 97 (2002).

Debido a la naturaleza sumaria del procedimiento bajo la Regla 60, *supra*, las reglas de procedimiento civil ordinario solo aplican de forma supletoria y en la medida en que sean compatibles con el propósito que persigue esta regla. *Íd.*, pág. 98. Así, en el procedimiento sumario bajo la Regla 60, *supra*, se prescinde de la contestación a la demanda, del descubrimiento de prueba y de las estrictas exigencias del diligenciamiento ordinario de un emplazamiento. *Íd.*, pág.97.

Según dispuesto en la referida Regla 60, *supra*, en lugar del emplazamiento formal, en este tipo de procesos se notificará mediante una citación que indique la fecha señalada para la vista en su fondo, con la advertencia de que en dicho proceso la parte demandada "deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra". *Íd.* Si la parte demandada comparece a la vista puede refutar el derecho del demandante al cobro de dinero, así como cualquier otra cuestión litigiosa. *Asoc. Res. Colinas Metro. v. S.L.G.*, *supra*, pág. 99. No obstante, el solo hecho de que el demandado no comparezca a la vista no releva al demandante de su obligación de probar que tiene a su favor una deuda líquida y exigible, que el deudor es el demandado y que la notificación-citación a éste efectivamente se realizó.

Surge de lo antes indicado que la anotación de rebeldía en los procedimientos al amparo de la Regla 60, *supra*, difiere sustancialmente de la sentencia en rebeldía dictada al amparo de los procedimientos ordinarios, donde se dan por admitidos los hechos bien alegados en la demanda, obviando así la necesidad de presentar prueba sobre éstos. *Audiovisual Lang v. Sist. Est. Natal Hnos.*, 144 DPR 563, 577-578 (1997). En consecuencia, en un procedimiento bajo la Regla 60, *supra*, la comparecencia de la parte demandante a la vista en su fondo es indispensable para que el Tribunal pueda determinar si procede dictar sentencia a su favor. *Asoc. Res. Colinas Metro v. S.L.G.*, *supra*, pág. 100. Es decir, que el Tribunal "no puede descansar simplemente en las

alegaciones, aunque éstas contengan hechos específicos y detallados sobre el particular". *Íd.*

Recientemente, el Tribunal Supremo reiteró que debido al carácter sumario del procedimiento establecido por la Regla 60, *supra,* "el emplazamiento por edicto, la contestación a la demanda, el descubrimiento de prueba, las reconvenciones, la demanda contra terceros, entre otros, son preceptos incompatibles con esta herramienta sumaria". *Río Mar Community Association, Inc. v. Mayol Bianchi,* 208 DPR 100, 108 (2021). De ahí que el máximo foro resolviera que procede la conversión del pleito al trámite ordinario cuando: (1) la parte demandada demuestra poseer una reclamación sustancial; (2) en el interés de la justicia, las partes solicitan que el pleito se ventile ordinariamente; y (3) el tribunal de instancia, dentro de sus facultades discrecionales, entiende que procede la conversión. *Primera Cooperativa de Ahorro v. Hernández Hernández,* 205 DPR 624, 637-638 (2020).

**-C-**

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 22 (1993); *Pagán v. Rivera Burgos,* 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. *Martajeva v. Ferré Morris y otros,* 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021).

El emplazamiento debe ser expedido por cada parte que esté en el epígrafe de la demanda como demandado. *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 870 (2015); *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 481 (2019). No obstante, nuestro más Alto Foro ha expresado lo siguiente:

En una jurisdicción como la nuestra, donde lo que se requiere es que la demanda le notifique a la parte demandada, a grandes rasgos, las reclamaciones que se le están haciendo, el determinar si efectivamente se le ha notificado a una persona, natural o jurídica, las reclamaciones que se le están haciendo, requiere de un análisis más allá de simplemente auscultar el epígrafe de la demanda. Una determinación de esta naturaleza requiere que se analicen todas las alegaciones de la demanda, de forma conjunta, las unas con las otras. **Si de este análisis surge que los demandados están razonablemente prevenidos de la reclamación que existe en su contra, se considera que la demanda es suficiente y no procede su desestimación.** (Énfasis suplido). *Rivera Marrero v. Santiago Martínez, supra*, págs. 481-482, citando a *López v. Secretaria*, 162 DPR 345, 355 (2004).

Por otra parte, debido a su pertinencia al caso de marras, destacamos que el Art. 12.01 de la Ley Núm. 164-2009, conocida como la Ley General de Corporaciones, 14 LPRA sec. 3781, regula cómo debe llevarse a cabo el emplazamiento a una corporación. El referido artículo dispone lo siguiente:

Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. [...] *Íd.*

En *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 650-652 (2021), el Tribunal Supremo expresó que, el Art. 12.01 de la Ley General de Corporaciones provee una alternativa que flexibiliza diligenciar el emplazamiento a una corporación. De manera particular, dispuso lo siguiente:

[...] [P]ara que un emplazamiento dirigido a una corporación doméstica sea eficaz, la "persona adulta" en presencia de quien se deje el emplazamiento debe tener más que una relación casual o fortuita con esta última. La persona adulta, debe tener, pues, una posición o función suficiente -- con cierto grado de autoridad o capacidad -- para representar a la corporación, de forma que razonablemente se pueda presumir que remitirá el emplazamiento dirigido a la entidad. *Íd.*, pág. 660.

Dicho de otra manera, lo verdaderamente importante es la relación entre la persona adulta ante quien se deja el emplazamiento y la corporación. *Íd.*

**-D-**

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), regula la imposición de honorarios de abogado, estableciendo lo siguiente:

En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. [...]

Nuestra más alta Curia ha definido la temeridad como "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y administración de la justicia". *Fernández v. San Juan Cement Co. Inc.*, 118 DPR 713, 718 (1987). Se entiende que un litigante actúa con temeridad cuando "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010).

La imposición de honorarios de abogado por temeridad busca establecer una penalidad al litigante perdidoso que instó un pleito frívolo y debido a ello fuerza a la otra parte a incurrir en gastos y trabajo innecesarios, o a la parte que extendió excesivamente un pleito ya incoado. Por consiguiente, ésta busca disuadir la litigación innecesaria. *ELA v. Ojo de Agua Development, Inc.*, 205 DPR 502 (2020).

El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de las de Procedimiento Civil, *supra*, tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla. *Íd.* No obstante, el Tribunal Supremo ha relevado del pago de honorarios de abogado a litigantes que pierden un pleito donde hubo controversias fácticas reales que requerían el examen de la prueba testifical y documental. *Santos Bermúdez v. Texaco P.R., Inc.*, 123 DPR 351, 357-358 (1989).

La evaluación de si ha mediado o no temeridad recae sobre la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en que ese foro haya abusado de tal facultad. *S.L.G. Flores–Jiménez v. Colberg*, 173 DPR 843, 866 (2008). Los tribunales apelativos no deben intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción; que el foro recurrido actuó con prejuicio o parcialidad; que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo,

o cuando la cuantía impuesta sea excesiva. *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005).

**III.**

De entrada, precisamos que el señalamiento de error relacionado a la falta de legitimación activa del señor Angleró, no fue presentado ante el foro de instancia, ni discutido en el recurso de *certiorari*. El Tribunal Supremo de Puerto Rico ha resuelto que los tribunales apelativos no debemos considerar señalamientos de errores que no fueron sometidos por las partes ante el foro revisado. Véase, *Trabal Morales v. Ruiz Rodríguez*, 125 DPR 340, 351 (1990). A su vez, la Regla 34 del Reglamento del Tribunal de Apelaciones dispone que toda solicitud de *certiorari* debe contener "[u]na discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable".[3] Como consecuencia, no nos compete la discusión del aludido error.

Ahora bien, por este haber sido el proceder de la parte peticionaria, los restantes señalamientos de errores serán discutidos de manera conjunta. En síntesis, la peticionaria aduce que el foro de instancia incidió al denegar su solicitud de desestimación. Particularmente, precisa que, ante la inexistencia de una reclamación en su contra, procede la desestimación del pleito de epígrafe. A su vez, manifiesta que la Asociación de Residentes posee una personalidad jurídica independiente y, por tanto, esboza que no procede una mera sustitución de nombre. De manera similar, arguye que la Asociación de Residentes no fue notificada mediante la citación dirigida a la señora Rivera. Por último, sostiene que el foro de instancia incidió al no imponer honorarios de abogado, ya que se vio obligada a incurrir en costas y gastos de abogado.

Tras un examen sosegado de las alegaciones, no encontramos alegación alguna formulada en contra de la peticionaria, únicamente contra la Asociación de Residentes. Sin embargo, reconocemos que el epígrafe de la demanda contiene un error al desacertadamente identificar a la parte demandada como "Marisela Rivera h/n/c Asociación de Residentes Villas San Francisco, Inc.".

---

[3] Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 54-57.

Pese a ello, de una lectura de las alegaciones, se desprende con meridiana claridad que el señor Angleró presentó una causa de acción única y exclusivamente en contra de la Asociación de Residentes. Incluso, el tercer párrafo de la demanda identifica a la Asociación de Residentes, representada por su presidenta, la señora Rivera, como la parte demandada. Por tanto, concordamos con el foro de instancia a los efectos de determinar que no existe una reclamación contra la señora Rivera susceptible de ser desestimada. Siendo así, solo procedía la corrección del epígrafe. Resulta meritorio aclarar que el foro de instancia únicamente ordenó corregir el epígrafe, no enmendar las alegaciones de la demanda.

Ahora bien, debido al error en el epígrafe, la notificación-citación, aunque fue entregada en la dirección postal de la Asociación de Residentes, no fue destinada al ente corporativo en sí, sino a "Marisela Rivera h/n/c Asociación de Residentes Villas de San Francisco, Inc.". Advertimos que, a pesar de que la Ley de Corporaciones no regula de manera expresa cómo debe ser diligenciada la notificación-citación en un proceso de Regla 60, el proceso de emplazamiento dispuesto por el Art. 12.01, *supra*, aplica por analogía. Según hemos reseñado, la Ley de Corporaciones, así como nuestro Tribunal Supremo, le han conferido al emplazamiento de los entes corporativos un enfoque más flexible. Conforme consagra el aludido artículo, el emplazamiento podrá ser diligenciado, entre otras, a través de su entrega a cualquier oficial de la corporación. Asimismo, nuestro más Alto Foro ha explicado que lo importante al momento de diligenciar un emplazamiento dirigido a una corporación es entregarlo a una persona adulta quien razonablemente podamos presumir que remitirá dicho emplazamiento a la entidad corporativa. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, *supra.*

Indudablemente, la señora Rivera, como presidenta, estaba facultada a recibir emplazamientos y, en este caso, citaciones dirigidas a la Asociación de Residentes. Hemos reiterado que, según se desprende de las alegaciones de la demanda, cuya copia fue recibida por la señora Rivera, la parte demandada siempre ha sido la Asociación de Residentes. Tanto así que, posterior a la

entrega de la citación, la Asociación de Residentes, representada por la señora Rivera, le remitió al señor Angleró parte del pago reclamado. Además, surge del tracto procesal que la propia señora Rivera reconoció, mediante su solicitud de desestimación, que no existían alegaciones en su contra, sino contra la Asociación de Residentes. Ante ello, resulta forzoso concluir que la Asociación de Residentes, por virtud de la señora Rivera, advino en conocimiento de la reclamación instada en su contra. Cónsono con lo anterior, somos del criterio que la Asociación de Residentes fue debidamente notificada.

Finalmente, en cuanto a los honorarios de abogado, como norma general, su concesión recae bajo la sana discreción judicial del tribunal sentenciador. Examinado el expediente, no encontramos indicio alguno de que el TPI abusó de su discreción al denegar los honorarios solicitados por la señora Rivera. Así dispuesto, no nos corresponde intervenir con la determinación del foro recurrido en lo que respecta a la imposición de honorarios de abogado.

**IV.**

Por los fundamentos que proceden, los cuales hacemos formar parte de esta Sentencia, se expide el auto de *certiorari* solicitado y se *confirma* la determinación recurrida. Se devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones